TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

---

FROM: 10579062
TO:
SUBJECT: 2241_LandronStealingComplaint
DATE: 10/25/2019 12:22:18 PM



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV -1 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

REYNALDO LANDRON-CLASS, 30575-069    PETITIONER

V.    CASE NO. 3:19cv778 CWR-FKB

MR. CHRISTOPHER RIVERS, WARDEN, IN HIS OFFICIAL
CAPACITY AS WARDEN OF FCC YAZOO CITY CAMP;    RESPONDENT

PETITIONER'S VERIFIED COMPLAINT FOR A WRIT OF HABEAS CORPUS UNDER 28 USC 2241,
PRISON CONDITIONS, PRISON DISCIPLINE, "POSSESSION OF STOLEN PROPERTY" INCIDENT REPORT

Comes now Petitioner Reynaldo Landron-Class, (Petitioner) and for his Verified Petition states:

BACKGROUND INFORMATION

1. (a) Petitioner's name is Reynaldo Landron-Class.
   (b) Petitioner has no aliases.

2. (a) Petitioner is a federal inmate currently confined at Federal Correctional Complex (FCC) Yazoo City Camp.
   (b) Address: FCC Yazoo City Camp, PO Box 5000, Yazoo City, MS 39194.
   (c) DOJ-FBOP ID #: 30575-069

3. Petitioner is currently held on orders of federal authorities pursuant to judgment and commitment order.

4. Petitioner is
   (a) Serving a sentence from the District of Puerto Rico.
   (b) Docket number of criminal case: 3:09-cr-329 FAB-JA
   (c) Date of sentencing: 10-9-2010

5. Petitioner brings count one of this complaint pursuant to the authority of 28 USC 2241, as a prison conditions petition, challenging a certain prison discipline incident report, concerning the allegation of possession of stolen property. Petitioner is confined within the geographical limits of the captioned district court, thus venue is proper.

6. (a) Name and location of agency: Said incident report was issued at FCC Yazoo City Camp.
   (b) Incident report number: 3042143
   (c) Decision or action you are challenging: Imposition of sanctions in defiance of due process, in retaliation for peaceful petition protected by the 1st Amendment to the US Constitution, and malicious obstruction with Plaintiff's further peaceful petition seeking to expunge the incident report.
   (d) Date of decision or action: 6-7-18, but this is complicated, because Petitioner subsequently pursued administrative remedies with respect to the refusal to forthrightly consider and rule on Petitioner's direct appeal of the shot.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. NOTE: Petitioner provides the following information without prejudice to the fact that the alleged failure to exhaust administrative remedies is an affirmative defense.

First appeal: Appeal # 921717. Plaintiff's appeals are so convoluted that it is virtually impossible to understand and follow the paper trail without a detailed recitation of submissions, delays engineered by the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP), false and fraudulent claims of untimeliness, etc. The DOJ-FBOP has vexatiously multiplied the proceedings, without just cause or excuse, for lawless and corrupt reasons. All exhibits hereto are incorporated herein as if set forth word for word.

1

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

--------------------------------------------------------------------------------

8. Second appeal: See above.

9. Third appeal: See above.

### IRRELEVANT QUESTIONS

10. This is not a 2255 motion.

11. This is not an immigration proceeding.

12. Other appeals are not "available" within the meaning of the law.

### JURISDICTION AND VENUE

13. Defendant Mr. Christopher Rivers is the current warden of FCC Yazoo City Camp and also of FCC Yazoo City Camp. Yazoo City Camp is within the geographical confines of this court. Defendant Rivers has the power to grant effective relief if the court so orders.

14. Plaintiff has attempted to appeal to the proper Regional Office of the DOJ-FBOP (Department of Justice-Federal Bureau of Prisons.

15. Defendants have used numerous devices to "muddy the water" so as to dissuade Plaintiff from legal action in court. Furthermore, it is not Petitioner's job to prove exhaustion, it is his adversary's job to plead and prove failure to exhaust.

16. Thus this court has jurisdiction and venue over the instant complaint.

### COUNT 1 - THE DISCIPLINARY INCIDENT REPORT FOR "POSSESSION OF STOLEN PROPERTY" IS MALICIOUS AND RETALIATORY AND TAKEN IN VIOLATION OF THE 1ST AMENDMENT RIGHT OF PEACEFUL PETITION

17. On 10-6-17 Plaintiff was charged with a formal disciplinary incident report, known in prison parlance as a "shot," for "stealing," Prohibited Act Code # 226. A copy of the "shot" is attached hereto as Exhibit "1" and incorporated herein as if set forth word for word. However, the allegation that Plaintiff stole DOJ-FBOP property is meritless, and proven as such by the repeated dishonest and corrupt attempts to interfere with Plaintiff's right to appeal and otherwise peacefully petition pursuant to the 1st Amendment to the US Constitution.

18. The Disciplinary Hearing Officer (DHO) found Petitioner guilty. The DHO report, dated 10-17-17, is attached as Exhibit "2." Plaintiff was sanctioned with the loss of 27 days Good Conduct Time (GCT), plus $16 restitution, plus commissary restriction of one year or until restitution was paid.

19. On information and belief the charge was made for unlawful and improper purposes, and not in good faith.

20. Petitioner is not factually guilty of any violation of Code 226.

21. On information and belief the "shot" was issued for retaliatory or otherwise constitutionally forbidden reasons, due to Plaintiff's demonstrated willingness to exercise his 1st Amendment right of peaceful petition.

22. The government paid nothing for the items in question. The items were donated. Therefore, the finding of a "cost" of $16 is erroneous and should be set aside. No claim of quantum meruit or loss of value has been made. Therefore, Petitioner should not have been sanctioned for the "cost" of an item donated to the DOJ-FBOP.

23. Petitioner filed a BP10 appeal 11-3-17. See attached Exhibit "3."

24. The DOJ-FBOP file stamped the BP10 11-13-17, which can't possibly be true, unless the DOJ-FBOP interfered with the mails, or refused to process the appeal when it arrived. Such false and fraudulent claims of late delivery are, however, standard practice by the DOJ-FBOP.

25. The South East Regional Office (SERO) rejected the appeal, on a specious claim of untimeliness, on 11-15-17. Exhibit "4."

2

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

----------

26. It took almost a month for the DOJ-FBOP to deliver this rejection notice to Petitioner. See handwritten note on the Rejection Notice.

27. Thus it is plain to see that the DOJ-FBOP faults inmates for mail delivery times totally beyond their control, yet is so inept, or corrupt, or both, that it takes nearly a month to deliver a simple rejection notice.

28. Petitioner appealed to Central Office of the DOJ-FBOP. See Exhibit "5."

29. This appeal was likewise rejected. See Exhibit "6." Petitioner was told to follow directions provided on prior rejection notices, despite the fact that no such instructions were included.

30. Staff declined to provide a memo to allow Petitioner to re-submit his appeal to Regional.

31. The shot and sanctions are invalid for reasons both procedural and substantive. Therefore the shot should be expunged, Petitioner's record should be updated to so reflect, and Petitioner's GCT should be restored.

32. Petitioner could include exhibits showing that he exhausted his claims concerning the failure to deliver mail timely, claims of untimely filings, etc. However, Petitioner can't see a clear road to get injunctive or declaratory relief, whereby to prevent the DOJ-FBOP from running the same scams on inmates in the future. Petitioner does however reserve the right to litigate those issues, to the extent necessary for the vindication of his basic claim. Both Petitioner and respondent have possession of the relevant paperwork, and thus are able to produce same, to the extent necessary for the proper resolution of Petitioner's challenge to his shot and loss of GCT.

WHEREFORE, Petitioner respectfully requests an order that the "shot" be expunged, that Petitioner's lost 27 days of good time be restored, and for such other and further relief as may be appropriate on the basis of this type of proceeding, the facts and the law, whether or not specifically requested.

VERIFICATION

Plaintiff by his signature below, pursuant to 28 USC 1746, declares under penalty of perjury that the foregoing facts are true and correct.

)
)
By: /s/ _____     10-28-2019
Reynaldo Landon-Class               Date
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39194

3