BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT   CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution: FCC Yazoo City, MS | Incident Report Number: 3042143 |
| NAME OF INMATE: Landron-Class, Reynaldo | REG.NO.: 30575-069    UNIT: G |
| Date of Incident Report: 10-06-2017 | Offense Code(s): 226 |
| Date of Incident: 10-06-2017 | |
| Summary of Charges: Possession of Stolen Property | *Exhibit "2"* |

I. NOTICE OF CHARGE(S)

   A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (Date) **10-07-2017** at (time) **1500 HRS** (by staff member) **T. Marshall, Lieutenant**.

   B. The DHO Hearing was held on (date) **10-17-2017** at (time) **0725 HRS**.

   C. The inmate was advised of the rights before the DHO by (staff member): **W. Lynchard** on (date) **10-12-2017** and a copy of the advisement of rights form is attached.

II. STAFF REPRESENTATIVE

   A. Inmate waived right to staff representative.   Yes ____   No **X**.

   B. Inmate requested staff representative and **F. Vazquez, Comm. Tech.** appeared.

   C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **N/A**.

   D. Staff representative **N/A** was appointed.

III. PRESENTATION OF EVIDENCE

   A. Inmate ____ (admits)   **X** (denies) the charge(s).

   B. Summary of inmate statement:

   This hearing was translated by Comm. Tech. F. Vazquez.

   The inmate stated he received his copy of the Incident Report and that he understood it. The inmate stated that he understood his rights before the DHO, requested a staff representative, and requested no witness. The inmate stated he was ready to proceed with the hearing.

   The inmate denied guilt to Possession of Stolen Property, Code 226. When asked if he wanted to make any further comment, he stated "I deny possessing it. I have been pat searched coming out of Unicor and I never had clothing. The package is not mine."

   C. Witnesses:
   1. The inmate requested witnesses.   Yes ____   No **X**.
   2. The following persons were called as witness at this hearing and appeared: **N/A**.
   3. A summary of the testimony of each witness is attached **N/A**.
   4. The following persons requested were not called for the reason(s) given: **N/A**.
   5. Unavailable witnesses were requested to submit written statements and those statements received were considered **N/A**.

   D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Photograph Sheets; Memorandum from P. Ross; Inmate Truview Center Report.**

   E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: **N/A**.

IV. FINDINGS OF THE DHO

   **X** A. The act was committed as charged.   ____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

   ____ B. The following act was committed: ____.

BP-A0304            **DISCIPLINE HEARING OFFICER REPORT**    CDFRM
JAN 17
**U.S. DEPARTMENT OF JUSTICE**            **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Landron-Class, Reynaldo | 30575-069 | 10-17-2017 |

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

The DHO noted the incident report was served beyond the normal time frame. The investigating Lieutenant addressed the delay in serving you the report. As you were provided a copy of the report, a timely UDC hearing, and your due process rights, the DHO did not see where the delay in giving you a copy of the report adversely affected you or prevented you from being able to prepare a defense.

The DHO finds on October 6, 2017, you committed the prohibited act of Possession of Stolen Property, Code 226.

The specific evidence relied upon includes the written statement of the reporting staff member. Unicor Supervisor P. Ross stated, "I UNICOR Distribution Center Warehouse Foreman P. Ross was provided mail from Mail Room staff (10/6/17 9:45 a.m.) that belonged to inmate Landron-Class Reynaldo 30575-069. The mail contained stolen clothing that was taken from UNICOR. Inmate Landron was attempting to mail out UNICOR items that were stolen. 2 pair of gym shorts and 2 t-shirts. The prices of these items are as follows: T-shirts are $3 each for a total of $6 Gym shorts are $5 each for a total of $10."

As evidence, the DHO considered the memorandum from Unicor Supervisor P. Ross in which he described the Unicor Recycling Program which is operated at the Camp warehouse. This program receives various items of clothing from department stores and the Camp Unicor Recycling Program then sorts and prices the clothing for redistribution.

As evidence, the DHO considered the photograph sheets which are attached to your incident report. The photograph sheets depict an envelope addressed from you to Reynaldo Landron, 18006 Calle Antonio R Barcelo, Toa Alta, Puerto Rico, 00953, two pair of gym shorts, and two shirts.

As evidence, the DHO considered the Inmate Truview Center Report for you. This report, on page 6, documents you have Reynaldo Landron, 18006 Calle Antonio R Barcelo, Toa Alta, Puerto Rico, 00953, in your address book and the relationship is listed as children.

The DHO was informed you requested Staff Representative, Comm. Tech. F. Vazquez, to translate the hearing for you. Staff Representative, Comm. Tech. F. Vazquez translated the hearing.

You appeared before the DHO and you acknowledged to the DHO that you received a copy of the incident report and that you understood it. When asked by the DHO if you admitted or denied committing the prohibited act of Possession of Stolen Property, Code 226, you denied guilt. When asked if you wanted to make any further comment, you stated "I deny possessing it. I have been pat searched coming out of Unicor and I never had clothing. The package is not mine."

The DHO considered your statement and denial of guilt to committing the prohibited act. It was clear to the DHO that Unicor Supervisor P. Ross has sufficient experience in monitoring and detecting inappropriate behavior within a prison environment. Unicor Supervisor P. Ross clearly documented on October 6, 2017, he was contacted by mailroom staff of mail you were attempting to send out of the institution. The envelopes which were return addressed to you contained four items of clothing which had been stolen from the Unicor Recycling Program. The DHO informed you the element for a Code 226, Possession of Stolen Property charge states, "To have in one's possession, control, or domain any stolen item(s)." Clearly, your possession, control and having within your domain items which were stolen (not issued to you by Unicor staff) from the Unicor Recycling Program meets the elements for the code you were charged with. In regard to your statement that the package was not yours, the DHO questioned you about the label affixed to the envelope which contains your register number and the name Reynaldo Landron of Puerto Rico. The DHO informed you these labels are printed from your Trulincs account and requires you to log into your account to print the label. When questioned as to how someone else could log into your account, print the label, and affix the label to the envelope with the stolen clothing inside, you stated, "I don't know." The DHO also considered the fact that the label

2

BP-A0304
JAN 17
U.S. DEPARTMENT OF JUSTICE

DISCIPLINE HEARING OFFICER REPORT  CDFRM

FEDERAL BUREAU OF PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Landron-Class, Reynaldo | 30575-069 | 10-17-2017 |

contained the name and address of your child, Reynaldo Landron of Toa Alto, PR. You offered no reason as to why someone else would be sending your child clothing stolen from Unicor. Therefore, the DHO gives greater weight to staff, considering the envelope was return addressed to you and contained a shipping label printed from your Trulincs account to your documented relative.

Also, upon your commitment to any Bureau of Prisons facility, you participate in the institution's Admission and Orientation (A&O) program wherein you are advised of Bureau of Prisons (BOP) rules and regulations and your responsibility to abide by these rules. You were also provided an A&O handbook which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

Therefore, based on the above listed evidence, the DHO determined the greater weight of evidence shows you committed the prohibited act of Possession of Stolen Property, Code 226, and sanctioned you accordingly.

VI. SANCTION OR ACTION TAKEN:        Offense Severity __High__
                                     SGT Available   __N/A__

Disallowance of Good Conduct Time: 27 Days

Commissary Restriction:  1 Year (Through 10/17/2018 or until the restitution is paid)

Monetary Restitution: $16.00 (To replace the cost of the stolen item)

VII. REASON FOR SANCTION OR ACTION TAKEN:

The action/behavior on the part of any inmate to possess any item that was stolen, whether from another inmate, staff member, or from an area of the institution, creates the potential for conflict between individuals, which interferes with the effective operation of the institution. Possessing stolen property cannot and will not be tolerated in this environment. The sanctions imposed by the DHO are to let you know that you and you alone, are responsible for your actions.

To hold you accountable for your actions, the DHO sanctioned you as outlined in section VI. Hopefully, these sanctions will have significant impact upon your future conduct and will deter you from future prohibitive acts. If not, the DHO cautions you the Bureau of Prisons believes in, and practices, progressive discipline. Repetitive behavior of this sort will likely result in even harsher consequences.

The Disallowance of Good Conduct Time Sanction was imposed to comply with mandatory sanctioning guidelines for PLRA inmates.

The Commissary Restriction and Monetary Restitution sanctions were imposed because the severity of the offense merits imposition of a sanction which will impress upon you that your unwillingness to abide by rules and regulations will result in punishment, which will deprive you of pleasurable privileges.

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| C. Grider, DHO | C. Grider | 10/17/17 |

Delivered to Inmate: by __F. Griffin__ on __10-17-17__ / __4:55 pm__
            (Staff Printed Name)        (Date/Time)

Prescribed by P5270

Replaces BP-304(52) of JAN 88

3