# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**REYNALDO LANDRON-CLASS**                                              **PETITIONER**
**Reg. No. 30575-069**

**v.**                                              **CIVIL ACTION NO. 3:19-cv-778-CWR-FKB**

**WARDEN CHRISTOPHER RIVERS**                                          **RESPONDENT**

## RESPONDENT'S RESPONSE IN OPPOSITION TO
## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Respondent Warden Christopher Rivers, by and through the United States Attorney and
the undersigned Assistant United States Attorney for the Southern District of Mississippi, submits
this response in opposition to Petitioner Reynaldo Landron-Class's petition for writ of habeas
corpus under 28 U.S.C. § 2241.  Dkt. No. 1, *Petition*.

## I.      INTRODUCTION

Petitioner Reynaldo Landron-Class, #30575-069, is currently incarcerated at the Federal
Correctional Complex ("FCC") in Yazoo City, Mississippi, serving a 210-month sentence for
conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1).
Exh. A, *Public Information Inmate Data*.  His projected release date is August 30, 2022.  *Id.*  On
November 1, 2019, Landron-Class filed a petition for writ of habeas corpus under 28 U.S.C. §
2241, alleging the Federal Bureau of Prisons violated his constitutional rights in a prison
disciplinary proceeding.  Dkt. No. 1, at 1-2, *Petition*.  He seeks restoration of 27 days of lost good-
conduct-time credit and expunction of his disciplinary conviction.  *Id.* at 3.  Before filing his
petition, however, Landron-Class failed to exhaust his administrative remedies.  His petition,
therefore, should be dismissed.

## II.    ARGUMENT

A district court has authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3). Although § 2241 does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *De la Cruz-Then v. Laughlin*, No. 5:11-cv-167-DCB-RHW, 2012 WL 5342168, at *2 (S.D. Miss. Oct. 1, 2012) (citation omitted) ("It is well settled in this circuit that a § 2241 petitioner 'must first exhaust his administrative remedies through the Bureau of Prisons' prior to filing his petition.").  To satisfy the exhaustion requirement, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 88, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]").  Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review.  *See Fuller*, 11 F.3d at 62.

The Bureau of Prisons' four-step administrative remedy process is set forth in 28 C.F.R. §§ 542.10-542.19.  Under this process, a prisoner must first attempt informally to resolve the complaint with staff.  28 C.F.R. § 542.13(a).  If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the warden.  *Id.* § 542.14.  If the prisoner is unsatisfied with the warden's response, he may appeal to the Regional Director.  *Id.* § 542.15.  If still unsatisfied, the prisoner may appeal to the Office of General Counsel within 30 days of the Regional Director's response.  *Id.*

Here, Landron-Class submitted two administrative remedy submissions to the Regional Office (Remedy ID 921717-R1 and Remedy ID 921717-R2), however, both were rejected for being untimely. *See* Exh. B, *Declaration of Lisa Singleton* ¶¶ 13-14; Att. 1 to Exh. B, *SENTRY Administrative Remedy History* at 40, 42 (denoting "STATUS REASON: UTR"); Exh. C, *Excerpts from Bureau of Prisons' Technical Reference Manual*. He also submitted an appeal to the Bureau's Office of General Counsel, which was similarly rejected on procedural grounds. Exh. B, *Declaration of Lisa Singleton* ¶ 15. Accordingly, the Office of General Counsel never reviewed the merits of Landron-Class's appeal. Landron-Class, therefore, failed to exhaust his administrative remedies for the claims in his § 2241 petition. *See Herrera-Villatoro v. Driver*, 269 F. App'x 372, 373 (5th Cir. 2008) (affirming a district court's dismissal of a federal inmate's § 2241 petition for failure to exhaust even though the inmate had filed two appeals with the Bureau's Central Office; the appeals were both rejected for procedural reasons).

Landron-Class has also failed to articulate, let alone establish, "extraordinary circumstances" to excuse his failure to exhaust his administrative remedies. *See Morales v. Mosley*, No. 3:13-cv-848-DCB-MTP, 2014 WL 5410326, at *4 (S.D. Miss. Oct. 22, 2014) (dismissing inmate's unexhausted § 2241 claim even though exhaustion may have been impossible before inmate's release date). He suggests that the Bureau of Prisons may have "interfered with the mails, or refused to process the appeal when it arrived." Dkt. No. 1, at 2, *Petition*. However, "'[a] habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record,' has no probative evidentiary value." *Godoy v. Lara*, No. 1:16-cv-493, 2018 WL 1148118, at *5 (E.D. Tex. Jan. 16, 2018), *report and recommendation adopted*, No. 1:16-cv-493, 2018 WL 1138437 (E.D. Tex. Mar. 1, 2018) (citing

*Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Thus, Landron-Class's petition should be dismissed.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Respondent respectfully requests that Landron-Class's petition for writ of habeas corpus be denied, and the case dismissed.

DATE: March 16, 2020                  Respectfully submitted,

                                          D. MICHAEL HURST, JR.
                                          United States Attorney

                        By:        */s/ Jessica Bourne*
                                          Jessica Bourne
                                          Assistant United States Attorney
                                          Mississippi Bar Number 103922
                                          United States Attorney's Office
                                          Southern District of Mississippi
                                          501 East Court Street, Suite 4.430
                                          Jackson, Mississippi 39201
                                          Telephone:    (601) 965-4480
                                          Facsimile:    (601) 965-4032
                                          Email: Jessica.Bourne@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jessica Bourne, Assistant United States Attorney, hereby certify that, on this date, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that, on this date, I caused a true copy of the foregoing document to be mailed *via* United States Postal Service, postage prepaid, to the *pro se* petitioner at the following address:

> *Pro Se* Petitioner
> Reynaldo Landron-Class
> Reg. No. 30575-069
> Federal Correctional Complex Yazoo City (Low)
> P.O. Box 5000
> Yazoo City, MS 39194

DATE: March 16, 2020      By:     */s/Jessica Bourne*
                                        JESSICA BOURNE
                                        *Assistant United States Attorney*