TRULINCS 30575069 - LANDRON-CLASS, REYNALDO - Unit: YAZ-G-A

----------------------------------------------------------------

FROM: Stilley, Oscar
TO: 30575069
SUBJECT: Reply
DATE: 04/14/2021 10:36:39 AM



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REYNALDO LANDRON-CLASS                         PETITIONER
Reg. No. 30575-069

v.           CIVIL ACTION NO. 3:19-cv-778-CWR-FKB

WARDEN CHRISTOPHER RIVERS                      RESPONDENT

PETITIONER'S REPLY TO RESPONSE TO PETITION FOR
WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Comes now Petitioner Reynaldo Landron-Class (Petitioner) and for his reply states:

Certain observations can be made. First, Respondent Warden Rivers (Respondent) has not answered the allegations of the verified petition on a paragraph by paragraph basis.

Second, Respondent makes no attempt to rebut any of the factual allegations. They stand unchallenged and unrebutted. Respondent's defense is altogether technical.

Third, Respondent does not so much as cite Ross v. Blake, 136 S. Ct. 1850, 1856, 195 L. Ed. 2d 117 (2016). Clearly Petitioner intended to make an issue of it. He alleged that he had exhausted all remedies "available" to him, within the meaning of the law.

Fourth, Lisa Singleton does not claim any personal knowledge of when Petitioner's appeal left the prison, or when it actually arrived at Regional Office of the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP). She DOES NOT say that these documents are true, correct, and complete. She does not say they are made promptly, by a person with knowledge, or under circumstances that ensure a reliable record. She just claims that the official record should convince this Court that it took two full weeks for the mail to go from Yazoo City to the Regional Office in Atlanta, Georgia.

If this is the truth, an inmate has less than a week to prepare and mail his appeal. Worse yet, he cannot know whether or not he has 6 days. For all he knows, he has one day, or no days at all.

A nameless, faceless bureaucrat can allegedly claim that a mailpiece arrived late, and that's the end of the story. So says Respondent. That's his entire defense. We gave you 20 days to HAVE IT HERE, which IN THIS CASE meant you had 6 days to draft your appeal, get all your copies and postage, etc.

Of course this is far from firm and fixed. If the inmate deposits the appeal in the mail in 6 days, all they have to do is get the nameless and faceless bureaucrat to claim that, on this particular occasion, it took 15 days to get the documentation to Regional office. Never mind whether it was a DOJ-FBOP employee, or a US Postal Service employee, who caused the alleged delay. The inmate is a guarantor of the good behavior of everyone who touches the package containing his appeal.

And so on and so forth. Heads we win, tails you lose - thus sayeth the DOJ-FBOP. The inmate never gets the name(s) of anyone whose "evidence" actually forms the basis for the summary dismissal of his claim, without any consideration of the merits.

Just how effective are these tactics? In Stilley v. Barr, MSSD CIVIL NO. 3:19-CV-6 HTW-LRA, plaintiff Oscar Stilley included the following claims in a 69 page complaint:

1) Attacks on "shots" (formal disciplinary incident reports by prison authorities), complaint counts 1-9;
2) FTCA claims, counts 10-17;
3) FOIA requests, counts 18-20;

TRULINCS 30575069 - LANDRON-CLASS, REYNALDO - Unit: YAZ-G-A
-----------------------------------------------------------------------------------------------

4) DOJ-FBOP administrative remedy requests, 21-28 (#25 also had a statutory/regulatory process prescribed);

Ms. Singleton made a declaration in that case too. She claimed that Stilley had failed to exhaust any of the "administrative remedy" issues. Another individual claimed the same with respect to FTCA (Federal Tort Claims Act, 28 USC 2671 et seq.) claims. The FOIA requests seem to have fallen through the cracks, but that's a story for another day.

Without controversy, Petitioner is a weak litigant. Petitioner speaks Spanish but not English. Petitioner has little education and less money. Petitioner is the quintessential "unsophisticated litigant." But for a little help from his friends, even this pleading would be impossible.

The PACER docket in STILLEY V. BARR will show the following facts. At page 15 of docket 37, the magistrate in the Report and Recommendation says:

According to Plaintiff, he finished high school by earning a GED. He then graduated with a business degree in three years, with high honors, from the University of Arkansas at Fayetteville. He earned his J.D. degree in 2½ years following that and was admitted to the Arkansas Bar on April 15, 1991. Before his incarceration, he practiced law for 19 years. He points out his education and background to illustrate that he is more highly educated that (sic) most inmates.

Despite these facts, the warden (and other defendants) persuaded the court that Stilley had failed to exhaust so much as a solitary administrative remedy - or, for that matter, any claim of any kind. The entire complaint was dismissed. Sixty nine pages of complaint, about two hundred eighty four pages of exhibits - all headed straight to the round file.

What chance does Petitioner have, in the face of such hurdles? Petitioner's litigating capability is orders of magnitude below that of Stilley. For all practical purposes he has no chance of even getting a ruling on the merits, unless he can avail himself of the principles of Ross v. Blake. That case construed the statute by its terms, which only required inmates to exhaust remedies that are "available."

Respondent knows this as well as anyone. Why then does he dodge the issue of "availability," and gratuitously raise the red herring of "extraordinary circumstances?" He knows full well what the word "available" means, especially when placed in quotation marks. So why no citation to Ross v. Blake? Why no argument or facts on "availability."

In the aforementioned case brought by Stilley, he complained about perfidy in the recording of administrative remedies submitted by inmates. He says that on 2-12-2020 the Administrative Remedy Coordinator (ARC, presumably Ms. Singleton) issued 5 receipts to Plaintiff. The remedies were as follows:

| NUMBER  | SUBJECT                          |
|---------|----------------------------------|
| 1005088 | Trulincs                         |
| 1005089 | Education - other                |
| 1005090 | Education - other                |
| 1005091 | Institution clothing and services |
| 1005092 | Other complaint against staff    |

Stilley claims these dates are materially false, and says he has the files. He says they were signed and submitted 10-11-2019. Ms. Singleton simply refused to timely process them, despite full knowledge of the rules, and the requirement for prompt processing.

True or false? Stilley claims the warden promised to respond, but never delivered on the promise. Respondent's records should include records from these administrative remedy requests.

Without a response, Regional will not process an appeal. It is a total waste of time. You can explain all your efforts to get a decision from the warden, the fact that you can't get it - anything you want to explain. Regional will ignore the explanation and reject the appeal.

That's how FCC Yazoo City puts inmates into a simple dead end. Perhaps you could call it a "pocket veto." The warden knows that if he DENIES the request, inmate will appeal and might win. Therefore he simply ignores the request. So far so good, that's worked out real well for him.

Federal Rules of Evidence 803 (6)(E) pertaining to Records of a Regularly Conducted Activity; (7)(C) pertaining to Absence of a Record of a Regularly Conducted Activity; and (8)(B) pertaining to Public Records, all contain exceptions,

TRULINCS 30575069 - LANDRON-CLASS, REYNALDO - Unit: YAZ-G-A

---

substantially as follows: "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

This of course would be exceedingly difficult to do, if Petitioner has no chance to get evidence.

The Respondent's claim does not pass the "smell test." If Respondent's claim is correct, the Respondent can defeat any claim whatsoever, by the simple expedient of claiming that it didn't ARRIVE at Regional office on time. Inmates have no control over mail time. Furthermore, inmates generally speaking don't have any effective way to prove that claims of lengthy delivery times are false, or due to the wrongful acts of DOJ-FBOP employees. Prison counselors don't know the facts, so the possibility of a letter from them, excusing the tardiness, is essentially meaningless.

Additionally, FCC Yazoo City has a pattern and practice of retaliating against inmates who exercise their 1st Amendment constitutional right of peaceful petition. Petitioner believes that he should have a fair chance to prove that remedies were "unavailable" due to retaliation for peaceful petition. Petitioner stated as much in his petition, claiming the "stealing" shot was itself retaliatory for Petitioner's admittedly lengthy record of making administrative remedy requests. Petitioner sees no way to get sufficient evidence on that issue without a chance for discovery.

Petitioner most respectfully requests that the Court grant Petitioner's request for relief. Respondent says nothing about the merits, and thus apparently concedes the merits. The pleading is styled as a "response" and not as a motion to dismiss. This should be a relatively simple case, in which an inmate asks merely for the expunction of a shot, and restoration of 27 days lost good time.

WHEREFORE, Petitioner respectfully requests that the Court review the pleadings, determine that the Respondent's technical defense is not meritorious, and furthermore determine that Respondent has effectively conceded Petitioner's claim; grant Petitioner the relief sought in his petition, same being the expunction of the shot, and restoration of 27 days good time; plus costs of this action; plus all other and further relief as may be appropriate, whether or not specifically requested.

By: /s/ Reynaldo Landron-Class         Date: 4-14-2021
Reynaldo Landron-Class
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39194

CERTIFICATE OF SERVICE

Petitioner by his signature above pursuant to 28 USC 1746 certifies that he caused the Respondent to be served by placing a copy of this pleading in US Mail, with sufficient postage prepaid, addressed to the clerk of the court for filing and service via CM/ECF.