TRULINCS 30575069 - LANDRON-CLASS, REYNALDO - Unit: YAZ-G-A

---

FROM: Stilley, Oscar
TO: 30575069
SUBJECT: Motion for discovery
DATE: 04/14/2021 10:51:17 AM

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 26 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REYNALDO LANDRON-CLASS                                              PETITIONER
Reg. No. 30575-069

v.           CIVIL ACTION NO. 3:19-cv-778-CWR-FKB

WARDEN CHRISTOPHER RIVERS                                           RESPONDENT

PETITIONER'S MOTION FOR DISCOVERY

Comes now Petitioner Reynaldo Landron-Class (Petitioner) and for his motion for discovery states:

Respondent has filed a response, claiming that Petitioner has not exhausted administrative remedies. The implication is that Petitioner had remedies "available" to him, but failed to exhaust them. Respondent attaches the declaration of Lisa Singleton, together with documents purporting to be official records of the DOJ-FBOP (Department of Justice-Federal Bureau of Prisons).

Petitioner has replied to Respondent's response, primarily raising three issues. One, the official records of the DOJ-FBOP are subject to attack on the grounds that Petitioner, as the opponent of the hearsay evidence, is capable of showing that the source of information or other circumstances indicate a lack of trustworthiness. See e.g. Federal Rules of Evidence 803 (6)(E) pertaining to Records of a Regularly Conducted Activity; (7)(C) pertaining to Absence of a Record of a Regularly Conducted Activity; and (8)(B) pertaining to Public Records. Each of these provisions contain an exception, substantially as follows: "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness."

Two, the requirement of procuring the ADMITTED delivery of an appeal to Regional Office of the DOJ-FBOP, while those adversary to the inmate have control both of the actual delivery, and records concerning the alleged delivery, renders the right of appeal illusory.. The DOJ-FBOP could allow electronic transmission of appeals. It won't - that would take away their "plausible deniability" of delivery of appeal documents.

Three, the DOJ-FBOP engages in various forms of retaliation. Petitioner alleges that his "shot" (formal disciplinary incident report) was retaliatory in nature. Petitioner believes that the facts are sufficient to show that administrative remedies are "unavailable" to him as a result of retaliation.

If the Court grants Petitioner's relief on grounds that Respondent's technical defense is unavailing, and Respondent raises nothing else, then discovery will be unnecessary.

Otherwise, Petitioner will need a reasonable time for discovery. He will need some time to work with opposing counsel to ensure that all requirements of United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), are satisfied. Due to Petitioner's lack of English speaking capability, and his pro se status, much of this would have to be through family and friends.

Therefore, Petitioner respectfully requests 6 months for discovery.

WHEREFORE, Petitioner respectfully requests that the Court allow discovery for a period of 6 months; and such other and further relief as may be appropriate, whether or not specifically requested.

By: /s/ Reynaldo Landron-Class            4-14-2021
Reynaldo Landron-Class                    Date
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39194

TRULINCS 30575069 - LANDRON-CLASS, REYNALDO - Unit: YAZ-G-A

---

CERTIFICATE OF SERVICE

Petitioner by his signature above pursuant to 28 USC 1746 certifies that on the date stated above he caused the Respondent to be served by placing a copy of this pleading in US Mail, with sufficient postage prepaid, addressed to the clerk of the court for filing and service via CM/ECF.