IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REYNALDO LANDRON-CLASS                                                    PETITIONER
REG. NO. 30575-069

V.                                             CIVIL ACTION NO. 3:19-cv-778-CWR-FKB

WARDEN STEPHEN REISER                                                     RESPONDENT
_____

RESPONSE TO PETITIONER'S MOTION FOR DISCOVERY
_____

Respondent Warden Stephen Reiser, by and through the United States Attorney and the undersigned Assistant United States Attorneys for the Southern District of Mississippi, files this response to the Motion for Discovery (ECF No. 24) filed by Petitioner Reynaldo Landron-Class ("Petitioner").

1.  Petitioner initiated this proceeding by filing a Petition for Writ of Habeas Corpus (ECF No. 1).

2.  As this Court is well-aware, "the writ of habeas corpus is no ordinary civil proceeding." *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989). The petition does not proceed to a trial and are more akin to an appeal. *Id.*

3.  Because of this, a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997).  That said, discovery may be available in exceptional cases. *Vineyard v. Keesee,* 70 F.3d 1266 (5th Cir. 1995) (suggesting that discovery mechanisms provided under 28 U.S.C. §§ 2246 and 2254 may be available

in § 2241 proceedings, but only in limited situations); *Ortloff v. Fleming*, 88 Fed. Appx. 715, 717 (5th Cir. 2004) (applying § 2254 standards to a § 2241 petition).

4. Petitioner must establish good cause for opening discovery in a habeas proceeding. *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004).

5. Coupled with the good cause standard, discovery is only available where "a factual dispute, if resolved in the petitioner's favor, would entitle him to relief . . . ." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). Petitioner must also show that this is the case; bare conclusory allegations are not enough. *United States v. Frye,* Civil Action No. 4:09-cv-3-WHB, 2010 WL 11613548 (S.D. Miss. Nov. 11, 2010) (quoting *United States v. Webster*, 392 F.3d 787. 802 (5th Cir. 2004). In other words, the "factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2010).

6. Petitioner's assertions in his Motion for Discovery concern exhaustion of his administrative remedies for the claims in his petition and the availability of the Bureau's Administrative Remedy Program. In the Mowtion, Petitioner seems to allude to the existence of documents or other discovery that could explain the timing or circumstances of the delivery of his administrative-remedy appeal to the Regional office. Additionally, Petitioner seems to claim that this alleged discovery could show that the Bureau's Administrative Remedy Program was unavailable to him, thereby excusing his obligation to administratively exhaust the claims in his habeas petition.

Petitioner's administrative remedy filing history shows that the administrative remedy process was indeed available to him. *See* ECF No. 11-2, L. Singleton Decl. ¶ 12-16.

7. Petitioner's administrative-remedies history shows that Petitioner has filed 108 remedy requests or appeals at the time Respondent filed his reponse to the instant habeas petition. ECF No. 11-3, at 1-55. Petitioner's filing history demonstrates that he had sufficient access to the Bureau's administrative remedy program, and, therefore, any argument to the contrary is specious. *See, e.g., Cartwright v. Outlaw*, 293 F. App'x 324, 324 (5th Cir. 2008) (finding that an inmate's ability to successfully appeal a remedy to the Bureau's regional director demonstrated that the remedies process was available and that exhaustion was not futile); *Ivy v. Hogans*, No. 3:16-cv-306, 2017 WL 2856972, at *3 (S.D. Miss. May 31, 2017) (finding that an inmate's filing of remedy requests at two steps of an administrative remedy program showed the program was available to the inmate); *Purviance v. May*, No. 1:10-cv-255, 2010 WL 3516193, at *3 (W.D. Tex. Sept. 3, 2010) (holding that administrative remedies were available and exhaustion was not futile where inmate successfully filed a BP-10 appeal with the regional director and twice previously commenced the remedy process but never completed it); *Banks v. Fed. Bureau of Prisons*, No. 5:09-cv-147, 2010 WL 3737923, at *3 (S.D. Miss. Aug. 19, 2010) (stating that inmate "is a prolific filer and has filed approximately 167 administrative remedies during his incarceration; [t]hus, [inmate] is familiar with the process to properly exhaust a grievance."). The amount of remedies Petitioner has filed shows

that he is very familiar with the Bureau's Administrative Remedy Program and that he is capable of appealing through all levels of the Program. This evidence undermines good cause for Petitioner to conduct discovery on the issue of unavailability.

8. Additionally, the Bureau's policy shows that Petitioner didn't need to receive an answer or notice from any of the Bureau's offices before filing the next appeal or remedy to avoid defaulting or filing outside the regulation time frames. *See* ECF No. 11-2, L. Singleton Decl. ¶ 5-6. Specifically, 28 C.F.R. 542.10 and Bureau Program Statement 1330.17 state that an inmate may appeal to the next program level if he or she does not receive an answer within the requisite time frame for the Agency to provide an answer. Thus, the burden to exhaust remains on the inmate through the administrative-remedies process. Even if the Bureau failed to timely deliver rejection or denial notices to the Petitioner for the administrative filings relevant in this case, he still was able to procede through the Bureua's Administrative Remedy Program and completely exhaust the claims in his habeas petition. As outlined in Respondent's Reseponse, Petitioner's filings were rejected for other reasons, and those reasons were communicated to the Petitioner through the rejection notices he received.

9. Petitioner has failed to show good cause and specific factual allegations which, if resolved in his favor, would entitle him to relief. The conclusory statements should be disregarded and the Petitioner's request for discovery should be denied.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully asks the Court to deny the Petitioner's Motion to Allow Discovery.

Dated: May 7, 2021    Respectfully submitted,

DARREN J. LAMARCA
Acting United States Attorney

By:    *s/ Andrew R. Norwood*
Jessica Bourne (MSB No. 103922)
Andrew R. Norwood (MSB No. 105087)
Assistant United States Attorney
United States Attorney's Office
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 965-4480
Facsimile: (601) 965-4032
*Jessica.Bourne@usdoj.gov*
*Drew.Norwood@usdoj.gov*

## CERTIFICATE OF SERVICE

I, Andrew R. Norwood, Assistant United States Attorney, hereby certify that, on this date, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that, on this date, I caused a true copy of the foregoing document to be mailed *via* United States Postal Service, postage prepaid, to the *pro se* petitioner at the following address:

*Pro Se* Petitioner:
Reynaldo Landron-Class
Reg. No. 30575-069
Federal Correctional Complex Yazoo City (Low)
P.O. Box 5000
Yazoo City, MS 39194

Dated: May 7, 2021.                             *s/ Andrew R. Norwood*
                                                 ANDREW R. NORWOOD
                                                 Assistant United States Attorney